## SUPREME COURT.

### JOHN LANSING agt. ANDREW J. ENSIGN.

*Attorney's lien — Answer — What may be set up in — Code of Civil Procedure, section 66.*

In an action by attorney for professional services, the answer set up settlement and payment, also waiver of lien of the attorney for costs. On a motion to strike out on the ground of immateriality and redundancy and for judgment:

*Held,* that these matters are neither immaterial or redundant.

Matters accruing after suit commenced and before answer is put in, may be set up in the answer.

The attorney, under section 66 of the Code of Civil Procedure, has an absolute lien for his compensation.

*Onondaga Special Term, November,* 1881.

ACTION to recover for professional services. The answer sets up two defenses, settlement and an agreement by plaintiff's attorneys to charge defendant no costs if a certain amount was paid. The answer was defective and a motion was made at special term, held at Syracuse, to strike out portions of the answer on the ground that they were not separately stated and numbered, and also on the ground of immateriality and redundancy, and for judgment on the pleadings.

The affidavits were entirely contradictory.

*Anson B. Moore,* for motion.

*N. Whiting,* opposed.

*H. M. Haigh,* plaintiff's attorney.

MERWIN, *J.*— Motion by plaintiff to strike out paragraphs two and three of the answer on the ground that they are not separately stated and numbered, and also on the ground that they are immaterial and redundant, and also for judgment.

I think the paragraphs referred to are separately stated and numbered sufficient to answer requirements of the Code.

There are several cases holding that matters accruing after suit commenced and before answer is put in, may be set up in the answer. Paragraph two sets up settlement and payment. Paragraph three sets up waiver of lien of the attorneys for costs, which was necessary to be done in order to accomplish a full settlement. The attorney, under section 66 of the Code, has an absolute lien. These matters are neither immaterial or redundant. If the motion for judgment was based on the denial in the answer I should be inclined to grant it, but with the rest of the answer in, it cannot be granted.

Motion denied, with costs of motion to defendant to abide the event.